Albert H. GEORGE, Plaintiff,

v.

Dean C. PLASKETT, Commissioner of the Department of Planning & Natural Resources, and the Board of Land Use Appeals, Government of the Virgin Islands, Defendants.

No. CIV.2002–129.

District Court,
Virgin Islands,
D. St. Thomas and St. John.

Nov. 18, 2002.

Bernard M. Vansluytman, St. Thomas, VI, for the plaintiff.

Carol Thomas–Jacobs, St. Thomas, VI, for the defendants.

OPINION

MOORE, District Judge.

Albert H. George alleges that defendants Dean C. Plaskett, Commissioner of the Department of Planning and Natural Resources, the Board of Land Use Appeals, and the Virgin Islands Government violated his procedural due process rights under the Fourteenth Amendment to the United States Constitution. The defendants moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim under Federal Rule of Civil Procedure 12(b). For the following reasons, as well as those given from the bench, I denied the motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In a two-count complaint, Albert H. George ["George" or "plaintiff"] claims that Dean C. Plaskett ["Plaskett"], Virgin Islands Commissioner of the Department of Planning and Natural Resources ["DPNR"], the Virgin Islands Board of Land Use Appeals and the Virgin Islands Government [collectively, "defendants" or "the government"], deprived him of his property without due process as required under the Fourteenth Amendment. He seeks, as declaratory relief, issuance of an affirmative declaration that he is entitled to receive certificates of occupancy and use ["certificates"] from the Commissioner.

In September 1999, George obtained building permits to construct three three-bedroom, single-story units in Estate Bovoni on St. Thomas. George then successfully petitioned to have the land re-zoned so he could construct three additional identical units on the property. DPNR approved the method of construction he set forth in his plans for the first three units. Once these first three units had been built and inspected by DPNR, DPNR approved the completed structure and walls. Thereafter, DPNR issued George permits to construct a second set of three identical units, and George commenced their construction using the same plans and methods DPNR approved for the first three units.

George alleges that, before he poured concrete for the walls of the second set of

houses, one of DPNR's inspectors directed him to place corner elbows in the walls. George informed the defendants' representative that the approved plans did not call for such elbows, they were unnecessary, and they were not placed in the first three completed houses. Another DPNR inspector later routinely permitted George to pour the concrete walls without requiring the corner elbows.

In January 2001, the six units were completed and ready for the final inspection necessary for issuance of the certificates of use and occupancy. George asserts that the first inspector, who had directed him to include corner elbows, refused to sign off on the certificates without the corner elbows in place. Plaintiff advised the inspector that he could not install the corner elbows in concrete walls that had been poured already. George objected to DPNR's suggestion that elbows or braces be placed on the exterior corners of the units because they would render the homes less attractive to potential buyers.

George repeatedly has been denied the certificates. In May and July of 2001, George and Plaskett unsuccessfully attempted to negotiate a solution. In a letter dated August 2001, George informed Plaskett that he believed he was entitled to the certificates. Not receiving a response, George filed an action in October 2001 for mandamus and declaratory relief in the Territorial Court. On February 12, 2002, the Territorial Court issued a writ of mandamus and ordered Commissioner Plaskett to render a written final decision. On February 15, 2002, Plaskett wrote George that the DPNR could not grant him certificates for the buildings.

On February 25, 2002, George filed an appeal with the Board of Land Use Appeals ["BLUA" or "Board"]. On June 9, 2002, a BLUA attorney advised George that an appellate hearing was not possible because one of the members of the Board had recused himself from hearing George's case, which made it impossible to muster a quorum for the Board to vote on the appeal. The Board informed plaintiff that it could not make a determination on his appeal "until additional members [of the Board] are appointed and confirmed." (See Def.'s Reply to Pl.'s Opp'n to Mot. to Dismiss, Ex. E.) George then sought relief in this Court, maintaining that he has "exhausted his administrative remedies at [the DPNR and BLUA] to no avail," and that he has no other remedy at law available to him. (Compl. ¶¶ 30–31.) Plaintiff complains that he is forced to pay interest on the loan he obtained to finance the construction of the homes, and claims that he has prospective buyers of the units but cannot sell them without certificates of occupancy from the defendants.

The defendants have moved to dismiss this matter, arguing that this Court lacks jurisdiction because "at its core Plaintiff's case raises only purely local questions." (Def.'s Mem. of Law in Supp. of Mot. to Dismiss and Resp. to Pl.'s Mot. to Advance Action on the Calendar at 5.) Whereas George seeks to establish federal question jurisdiction under 28 U.S.C. § 1331, the defendants aver that this matter is ruled by Title 29 of the Virgin Islands Code because George asks this Court to review the merits of his claim. Moreover, they maintain that the Territorial Court, and not this Court, is the proper forum for appeals from decisions of administrative agencies. The defendants alternatively contend that George has failed to state a claim, as the DPNR's denial of certificates to George was wholly consistent with Virgin Islands law.

## II. DISCUSSION

### A. Motion to Dismiss Standard

The defendants move to dismiss George's action under Federal Rule of Civ-

il Procedure 12(b)(1) and (6), arguing that this Court lacks jurisdiction and that the plaintiff has failed to state a claim upon which relief can be granted. This Court is vested with jurisdiction over all issues arising under the United States Constitution. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").[1] With respect to the defendants' motion to dismiss under Rule 12(b)(6), the Court may dismiss a complaint if it appears certain that the plaintiff cannot prove any set of facts in support of his claims which would entitle him to relief. *See Bostic v. AT & T of the Virgin Islands*, 166 F.Supp.2d 350, 354 (D.Vi.2001).

### B. George has Stated a Claim under the Fourteenth Amendment to the United States Constitution

■ The Fourteenth Amendment prohibits the States—and this Territory—from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.[2] Due process requires that "an individual be given an opportunity for a hearing before he [or she] is deprived of any significant property interest." *Boddie v. Connecticut*, 401 U.S. 371, 379, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) (emphasis in original omitted). In order to state a claim of a procedural due process violation, a plaintiff must allege (1) an asserted individual interest encompassed within the Fourteenth Amendment's protection of "life, liberty, or property," and (2) that the procedures available

denied him or her of "due process of law." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir.2000) (citing *Robb v. City of Philadelphia*, 733 F.2d 286, 292 (3d Cir.1984)). "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

■ The crux of George's claim is that he has been denied access to administrative review of the DPNR's action refusing to issue certificates of occupancy and use, without which he is unable to live in or sell the six houses he has built. Because his claim involves the state's denial of his ability to use his property in a certain manner, I find that it falls under the umbrella of those interests protected by the Fourteenth Amendment. For George to establish the second prong necessary for a deprivation of due process, he must show that the government has denied him the "due process of law." He may do so by proving that he has taken advantage of the processes that are available to him, or, as he alleges here, that "those processes are unavailable or patently inadequate." *Alvin*, 227 F.3d at 116. George does not dispute that Virgin Islands law provides for administrative review of the DPNR's action. Under 29 V.I.C. § 295, the BLUA has the authority to consider appeals made "against any order, rule or regulation, action or decision made by the Commissioner of Planning and Natural Resources ...."

---

1. Title 28 U.S.C. § 1331 is made applicable to the District Court of the Virgin Islands by Section 22(a) of the Revised Organic Act of 1954, 48 U.S.C. § 1612(a) ("The District Court of the Virgin Islands shall have the jurisdiction of a District Court of the United States ...."). The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541–1645 (1995 & Supp.2001), reprinted in V.I. CODE ANN. 73–177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp.2001) (preceding V.I. CODE ANN. tit. 1).

2. The Due Process Clause of the Fourteenth Amendment to the Constitution is made applicable to the Virgin Islands by § 3 of the Revised Organic Act of 1954, 48 U.S.C. § 1561.

An individual seeking such review of a DPNR decision must file an appeal with the Board within thirty days of the objectionable decision. 29 V.I.C. § 295(a). George timely filed his appeal with BLUA. The Board was then required to take action on his appeal within thirty days. *Id.* § 295(b)(5).

■ George asserts, and I agree, that he has done everything he can to take advantage of the statutorily-established procedures available to him. He timely filed an appeal with the BLUA, but he can receive no relief because there are too few of the Board members to make up a quorum to consider his case. The Court of Appeals for the Third Circuit recognizes that "when access to procedure is absolutely blocked or there is evidence that the procedures are a sham, the plaintiff need not pursue them to state a due process claim." *See Alvin,* 227 F.3d at 118. George falls into this category since he can do nothing more to pursue his territorial remedies.[3] Accordingly, George has clearly stated a procedural due process claim under the Fourteenth Amendment.

## III. CONCLUSION

It is clear from the record before me that George has properly availed himself of all the administrative procedures available to him. Unfortunately for him, and for others similarly situated, the Board of Land Use Appeals cannot muster a quorum to consider his appeal, thus effectively depriving him of the statutorily-mandated due process to which he is entitled. George has stated a claim under the Fourteenth Amendment's Procedural Due Process Clause, and this Court has jurisdiction over his claim. Accordingly, the defendants' motion to dismiss is denied.

## ORDER

For the reasons stated in the accompanying Opinion of even date, it is hereby **ORDERED** that the defendants' motion to dismiss the complaint for lack of jurisdiction and for failure to state a claim upon which relief can be granted [docket entry # 18] is **DENIED**.

---

3. Virgin Islands law provides for judicial review of BLUA's decisions. *See* 29 V.I.C. § 295(b)(6) ("The decisions of the Board shall be subject to review by [the Territorial Court] ... provided an appeal is filed within 45 days of receipt of the decision from the Board."). Unfortunately, since the Board has made no decision, section 295(b)(6) does not apply and provides no relief to George. Plaintiff similarly could not petition for a writ of review as this relief is available only to review the decision of the BLUA for errors. See 5 V.I.C. § 1421 ("Any party to any proceeding before or by any officer, board, commission, authority, or tribunal may have the decision or determination thereof reviewed for errors therein as prescribed in this chapter and rules of court.") and § 1422 ("The writ of review shall be allowed in all cases where there is no appeal or other plain, speedy, and adequate remedy ...."). Here, again, BLUA made no decision or determination which could be examined for errors. Moreover, the Virgin Islands Code provides a specific right to judicial appeal, even assuming the Board's inability to act could be construed as an appealable decision. Finally, the Virgin Islands Declaratory Judgment Act, 5 V.I.C. § 1261–72, merely provides additional remedies to a party in a case already properly in the Territorial Court; it does not extend the court's jurisdiction. *See* 5 V.I.C. § 1261 ("Courts of record *within their respective jurisdictions* shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed.") (emphasis added).